UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN HAWVER, as Personal
Representative of the ESTATE OF
PATRICIA HAWVER, Deceased,

        Plaintiff,

v.                                                      Case No. 13-CV-11068
                                                      Honorable Denise Page Hood

UNITED STATES OF AMERICA,

        Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [#5],
GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND
MOTION TO DISMISS [#11], AND DISMISSING ACTION**

Now before the Court is Plaintiff's Objection to Removal and Motion to Remand **[Docket No. 5, filed March 13, 2013]** to which Defendant filed a response **[Docket No. 9, filed March 19, 2013]** and Plaintiff filed a reply. **[Docket No. 10, filed March 20, 2013]** Also before the Court is Defendant's Motion to Set Aside Default and Motion to Dismiss. **[Docket No. 11, filed May 7, 2013]** Plaintiff filed a response to this motion **[Docket No. 13, filed June 19, 2013]** and Defendant filed a reply. **[Docket No. 15, filed July 10, 2013]** For the reasons discussed below,

1

Plaintiff's Motion to Remand is **DENIED**. Defendant's Motion to Set Aside Default and Motion to Dismiss is **GRANTED**. This case is **DISMISSED** in its entirety.

## I. BACKGROUND

Plaintiff filed this case (No. 12-3981-NH) on December 21, 2012, in the State of Michigan Jackson County Circuit Court. Defendant removed this case to this Court on March 8, 2013. The case was initially captioned "KAREN HAWVER, as Personal Representative of the ESTATE OF PATRICIA HAWVER, Deceased, v. THERESA NESTORAK, ANP, and CENTER FOR FAMILY HEALTH, jointly and severally" (the "initial Defendants") but on removal, Defendants were replaced with the United States because the Defendants were "deemed to be [] employee[s] of the U.S. Public Health Service" and therefore "eligible for coverage under the FTCA pursuant to 42 U.S.C. § 233(a) and (g)."

This is a wrongful death medical negligence action. In her Complaint, Plaintiff alleges that on or about January 10, 2010, Patricia Hawver ("Ms. Hawver"), Plaintiff's mother, presented to Allegiance Health emergency department for pain in her back. Patricia Hawver shared that she had sustained a fall approximately two weeks earlier. Lumbar spine and thoracic spine films were taken which were interpreted as negative for fractures. She was diagnosed as having a contusion and given prescribed pain medication.

On January 11, 2010, Ms. Hawver went to her family doctor's office, Defendant Center for Family Health, where she was seen by former Defendant, Theresa Nestorak, a certified adult nurse practitioner. Again Ms. Hawver noted the history of her fall, but also indicated her pain had moved from the left side to the right and that she was getting nauseous because of the pain. The examination showed an enlarged liver and upper right and hypogastric abdominal tenderness, revealed hepatic tenderness, and Ms. Hawver's level of consciousness was lethargic. Former Defendant Nestorak ordered a comprehensive metabolic blood panel, which indicated that Ms. Hawver had hepatomegaly and "may need a CT scan." A follow-up appointment was scheduled for January 18, 2010, a week later.

Ms. Hawver's lab results showed elevated levels of blood urea nitrogen, creatinine, alk phosphatase, SGOT, SGPT, white blood cell count and platelet count. Plaintiff contends that despite the abnormal test results in addition to the clinical presentation of an enlarged liver, pain, and elevated white blood cell counts, former Defendants Nestorak and Center for Family Health, Inc. did not contact Ms. Hawver.

On January 14, 2010, Ms. Hawver visited the emergency room at Allegiance Health with low blood pressure, jaundice, and mental status changes. Test results revealed several gallstones in her common bile duct and computerized tomography of her abdomen showed a "distended gallbladder with surrounding periocholecystic fluid

3

consistent with cholecystitis in addition to multiple common bile duct stones and a dilated hepatic and common duct." Ms. Hawver underwent a sphincterotomy and cholecystectomy but "progressed into a state of hypotension, respiratory failure, sepsis, multi-organ failure, and ultimately an infarction."

Ms. Hawver was transferred to the ICU and, on January 17, 2010, a CT scan showed a "dense right hemispheric CVA with severe edema and necrosis." Ms. Hawver fell in to a coma, was transferred to Care Link, and Plaintiff contends that "as a result of the untreated gallstone disease and pancreatitis, she had permanently impaired cognitive capacity rendering her incapable of making independent, responsible life decisions, and rendering her permanently incapable of independently performing the activities of normal, daily living." Ms. Hawver was discharged to Care Link on January 27, 2010, and, after two and a half months, she was discharged home where she passed away on April 12, 2010.

Plaintiff argues that Ms. Hawver's untreated gallstone directly caused her to develop sepsis and gallstone pancreatitis. Further, Plaintiff contends that had Ms. Hawver been timely diagnosed and treated by former Defendants on January 11, 12, and 13, 2010, she could have avoided the additional delays and extreme complications that occurred, undergone a timely and far less complicated surgical intervention with focused in-patient treatment, and the progression to unremitting sepsis, coma, and

4

death could have been avoided. Plaintiff claims that then Defendants were professionally negligent by failing to, among other things, take an adequate history, give a proper differential diagnosis and work up that would have led to the correct diagnosis and treatment of gallstone disease, follow-up after the abnormal blood test results, and, upon receipt of the abnormal lab results, order a CT scan.

On July 13, 2012, Plaintiff sent then Defendants Nestorak and the Center for Family Health a Notice of Intent to a File Claim Under M.C.L. 6000.2912(b). On October 4, 2012, the Department of Health and Human Services ("DHHS") sent a letter to Plaintiff's counsel. In the letter, DHHS told Plaintiff's counsel that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, was the "exclusive remedy for injuries, including death, caused by employees of a deemed community health center occurring on or after January 1, 1993, or when the health center was deemed eligible for coverage." Plaintiff's counsel was notified that Center Family Health, Inc., was deemed eligible for FTCA coverage effective January 1, 2010, and that at the time of the incident alleged in the claim, Theresa Nestorak, NP, was an employee of the health center and covered under the Act. Importantly, Plaintiff was notified that, to the extent Plaintiff had a claim "concerning the actions of the health center and its employees providing health care services within the scope of their employment," Plaintiff needed to "first exhaust [her]

5

administrative remedies as a prerequisite to the commencement of a civil action in tort." Specifically, Plaintiff was instructed that an administrative claim had to be filed with the appropriate federal agency "within two years from the date such claim accrues or it shall be forever barred." 28 U.S.C. § 24.0l(b).

In a letter dated October 30, 2012, Plaintiff's counsel contacted the DHHS Office of the General Counsel asking that the DHHS "show that the general public, including Karen Hawver, should have or could have known that the Center for Family Health was deemed eligible for FTCA coverage effective January 1, 2010." Plaintiff's counsel also notified then Defendants that until she received the requested information, Plaintiff would be "filing a Complaint in state court once the 182-day Notice period runs." Plaintiff's counsel sent another letter to the DHHS Office of the General Counsel on November 27, 2012, requesting documentation.

Plaintiff filed an administrative tort claim on November 5, 2012. In a letter dated November 20, 2012, the DHHS notified Plaintiff that her claim was denied. DHHS noted that Plaintiff's claim that then Defendants "failed to diagnose and treat gallstone disease which resulted in sepsis and the death of Karen Hawver on April 12, 2010," had been received on November 5, 2012, "more than six months after the two year statute of limitations expired." Plaintiff's Counsel was also told:

If your client is dissatisfied with this determination, she may:

1. file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 240l(b)).

**[Docket No. 9, Ex. 3]** Further, Plaintiff's counsel was told that if her reconsideration claim was denied, Plaintiff could file suit "within six months from the date of mailing of the final determination."

## II. ANALYSIS

Before the Court is Plaintiff's Objection to Removal and Motion to Remand **[Docket No. 5, filed March 13, 2013]** as well as Defendant's Motion to Set Aside Default and Motion to Dismiss. **[Docket No. 11, filed May 7, 2013]**

### A. Plaintiff's Motion for Remand

Plaintiff moves this Court to remand this case back to Jackson County Circuit Court. Plaintiff filed the instant Complaint on December 21, 2012, in the Circuit Court for the County of Jackson. Plaintiff served the summons, Complaint, an Affidavit of Merit, and the scheduling order on both initial Defendants. Plaintiff states that an employee of Defendant Center for Family Health acknowledged receipt by letter dated January 15, 2013, and said that she had forwarded the documents to the DHHS's Office of the General Counsel on January 11, 2013.

7

Plaintiff argues that despite the United States—now the Defendant in this case—learning about the lawsuit on January 11, 2013, it failed to act until March 8, 2013. Relying on 28 U.S.C. § 1446(b), Plaintiff argues that the United States acted almost 30 days too late. Additionally, Plaintiff argues that Defendants and the United States failed to file an answer to the Complaint though one was required within 28 days of service, or by February 6, 2013. Plaintiff cites to language in her summons which states that if Defendants—now the United States—did not answer or take any other action in the time allowed, "judgment may be entered . . . for the relief demanded in the complaint." On February 11, 2013, a Default was entered against the initial Defendants. Plaintiff contends that the lack of response by the United States, tardy removal, and default having been entered in state court justify this Court remanding this case back to Jackson County Circuit Court.

Plaintiff is correct in stating that 28 U.S.C. § 1446(b) sets forth the time requirements for removal of cases to federal district courts. It provides, in pertinent part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial

>    pleading has then been filed in court and is not required to
>    be served on the defendant, whichever period is shorter.

*Id.* (Emphasis added). The requirement for timely filing a notice of removal "is not jurisdictional, but is mandatory and must be strictly applied." *Kerr v. Holland America–Line Westours, Inc.*, 794 F. Supp. 207, 210 (E.D. Mich. 1992) (quoting *Shadley v. Miller*, 733 F. Supp. 54, 55 (E.D. Mich. 1990)). "Untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Kerr*, 794 F. Supp. at 210.

Here, however, the Court notes that the Defendant in this case, the United States, removed the Complaint to this Court "pursuant to 42 U.S.C. § 233 and 28 U.S.C. §2679(d)." Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), the United States may substitute itself as party defendant in civil suits against federal employees "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Pursuant to such certification, the government shall remove the case to federal district court. 28 U.S.C. § 2679(d)(2). Barbara L. McQuade, the United States Attorney, and Andrew J. Lievense, the Assistant United States Attorney, removed this case stating that the

9

> Center for Family Health, Inc. is an 'entity' within the meaning of 42 U.S.C. §233(g), and Theresa Nestorak is an employee of an entity within the meaning of 42 U.S.C. §233(g), and therefore she is deemed to be an employee of the United States Public Health Service covered by 42 U.S.C. §233(a) and (c). Because they are deemed to be an employees of the U.S. Public Health Service, defendants, Theresa Nestorak and Center for Family Health, Inc., are eligible for coverage under the FTCA pursuant to 42 U.S.C. § 233(a) and (g).

Additionally, Elizabeth J. Larin, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of Michigan, certified that defendants, Theresa Nestorak and Center for Family Health, Inc., who were deemed to be employees of the United States Public Health Service, were "acting in the scope of such employment at the time of the incidents out of which this suit arose." The United States provided a Certificate of Scope of Employment stating the same and the United States properly filed a notice of removal.

Having determined that Defendants were employees of the United States Public Health Service and acting in the scope of such employment at the time the incident arose, the United States was able to substitute itself as the Defendant in this case. Following substitution, pursuant to 28 U.S.C. § 2679(d)(2), the United States could remove "any civil action or proceeding commenced upon such claim in a State court . . . *at any time* before trial . . . to the district court of the United States for the district

10

and division embracing the place in which the action or proceeding is pending." (emphasis added)  The United States did just that.  Plaintiff's Objection to Removal and Motion to Remand **[Docket No. 5]** is **DENIED**.

### B. The United States' Motion to Set Aside Default

Also before the Court is Defendant's Motion to Set Aside Default Judgment. As discussed above, on February 11, 2013, a Default was entered in this case against then Defendants Nestorak and the Center for Family Health by the Jackson County Circuit Court.  The United States does not dispute that a Default was entered but argues that the Default should be set aside.  "When a case is removed[,] the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Munsey v. Testworth Laboratories*, 227 F.2d 902, 903 (6th Cir. 1955) (quoting *Savell v. Southern Railway Co.*, 93 F.2d 377, 379 (5th Cir. 1937)).  This Court therefore has jurisdiction and authority to evaluate Defendant's motion.

Federal Rule of Civil Procedure Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default."  Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default.  *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir.1986).  There are three factors that must be determined to set aside a default under Rule 55(c): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious

defense; and (3) whether culpable conduct of the defendant led to the default. *Id.* at 192. All three factors must be considered in ruling on a motion to set aside entry of default. *Id.* at 194. In a Rule 55(c) motion to set aside entry of default, the "good cause" standard is applied and "it is not absolutely necessary that the neglect or oversight by a defaulted defendant is a reason for the delay to be excusable." *Raimondo v. Vill. of Armada*, 197 F. Supp. 2d 833, 837 (E.D. Mich. 2002). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.*

Here, Defendant argues that the default should be set aside for various reasons. First, Defendant contends that the Jackson Circuit Court did not have subject matter jurisdiction over Plaintiff's FTCA claim making the default invalid. Defendant asserts that Plaintiff's claim arose under the FTCA and that Plaintiff was aware of this at the time of filing her Complaint in Jackson County Circuit Court. Defendant claims that despite Plaintiff's knowledge (based on the correspondence that she received from the DHHS) she "filed suit in state court, did not name the United States as the defendant (and instead named incorrect defendants), served the incorrect defendants under the Michigan Court Rules, and did not serve the United States with process pursuant to Fed. R. Civ. P. 4(i)." Citing *Polaski v. Colorado Dep't of Transp.*, 198 F. App'x 684,

12

685 (10th Cir. 2006) ("lack of subject matter jurisdiction constitutes good cause for setting aside an entry of default"), Defendants argue that because default was entered as a result of Plaintiff's actions and because the Jackson County Circuit Court did not have subject matter jurisdiction over Plaintiff's FTCA claim, this Court should set aside the Default. In response, Plaintiff argues that "[f]or the reasons stated in Plaintiff's Motion to Remand, the Jackson County Circuit Court did have jurisdiction to enter the default in this case," and, therefore, this Court should not set aside the default.

The Court finds that there exists "good cause" to set aside the default. At the time of filing her Complaint (December 21, 2012), through letter sent on October 4, 2012, by the DHHS, Plaintiff was already made aware that "the Federal Tort Claims Act . . . was the 'exclusive remedy for injuries, including death, caused by employees of a deemed community health center occurring on or after January 1, 1993, or when the health center was deemed eligible for coverage.'" Plaintiff was notified that then Defendants were deemed to be covered by the FTCA and was instructed that an administrative claim had to be filed with the appropriate federal agency "within two years from the date such claim accrues or it shall be forever barred." After filing an administrative claim and receiving notice of denial, Plaintiff was told that if she was dissatisfied with the determination, she could "file suit against the United States in the

13

appropriate *federal district court* within six (6) months from the date of mailing of this determination." Plaintiff instead filed her Complaint in Jackson County Circuit Court.

The Court notes, as previously discussed, that remand to Jackson County Circuit Court is inappropriate at this time. Furthermore, because Plaintiff's claims arise under the FTCA, Jackson County Circuit Court lacked jurisdiction to enter a default. "A default judgment entered by a court without subject matter jurisdiction is void." *Golden v. Nat'l Fin. Adjusters*, 555 F. Supp. 42, 45 (E.D. Mich. 1982). The Court is satisfied that a default entered by a court without subject matter jurisdiction fares the same. Defendant's Motion to Set Aside Default and Motion to Dismiss, as it pertains to Defendant's request that the Jackson County Circuit Court default be set aside, is **GRANTED**.

### C. The United States' Motion to Dismiss

Defendants contend that this case should be dismissed because this Court now lacks subject matter jurisdiction over Plaintiff's FTCA claim because the statute of limitations in which Plaintiff had to file her claim elapsed. Specifically, Defendant argues that the exclusive remedy for the tort on which Plaintiff claims relief, the Federal Tort Claims Act claim, 28 U.S.C. § 1346(b), 2671, *et seq.*, cannot provide Plaintiff relief because she failed to file her claim within the two years required and

14

the "Act does not provide a waiver of sovereign immunity to sue outside of the statute of limitations."

To determine whether this Court has subject matter jurisdiction over a claim pursuant to Federal Rule of Civil Procedure 12(b)(1), "the Court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to him." *3D Sys., Inc. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 803 (E.D. Mich. 2008) (citing *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F. Supp. 2d 853, 855 (W.D. Mich. 2002)). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id.* Where jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), "plaintiff bears the burden of proving jurisdiction in order to survive the motion." *Id.* (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or a motion. Fed. R. Civ. P. 12(b)(1); *See also Television Reception Corp. v. Dunbar*, 426 F.2d 174, 177 (6th Cir. 1970)).

The Federal Tort Claims Act provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted her administrative remedies. *See* 28 U.S.C. § 2675(a). Here, the Court is satisfied that for purposes of this motion, Plaintiff attempted to exhaust her

15

administrative remedies by filing an administrative tort claim on November 5, 2012, though her claim was denied having been deemed untimely. Defendant argues Plaintiff failed to bring her suit within the two-year statutory window. The Court is satisfied based on Plaintiff's contention that the clock began to run on January 11, 2010, at the earliest (the date Plaintiff alleges Defendant first erred in treatment/diagnoses) and April 12, 2010, the latest (the date Ms. Hawver passed away). The Court appreciates that Plaintiff may not have known that former Defendants Theresa Nestorak and Center for Family Health were federal employees or that they were acting within the scope of their employment at the time of treatment. However, "[n]either plaintiff's lack of knowledge regarding [former Defendants'] federal employment nor the United States' removal of this case from state court to district court eliminates the jurisdictional requirement that a timely administrative claim be filed." *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982) (stating that there is "is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit" and holding that the Plaintiff's case had to be dismissed because he failed to file his claim within the two-year time limit).

Because Plaintiff has failed to comply with the statute by filing her claim within the two-year statute of limitations, this Court lacks subject-matter jurisdiction and this case must be dismissed.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection to Removal and Motion to Remand **[Docket No. 5, filed March 13, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default and Motion to Dismiss **[Docket No. 11, filed May 7, 2013]** is **GRANTED** and this case **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2014, by electronic and/or ordinary mail.

S/Julie Owens for LaShawn R. Saulsberry
Case Manager

17